UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FNU[1]  KAMRUZZAMAN,

                                        Petitioner,

-vs-                                                                DECISION and ORDER

                                                                    19-CV-6824 CJS

JEFFREY SEARLS, Field Office Director
Buffalo Federal Detention Facility ("BFDF"),[2]

                                        Respondent.

_____


INTRODUCTION

        FNU Kamruzzaman ("Petitioner") (A-206-553-525), proceeding *pro se*,

commenced this habeas proceeding pursuant to 28 U.S.C. § 2241 ("Section 2241")

against Respondent ("Respondent" or "the Government"), challenging his continued

_____

[1]  "First Name Unknown."

[2]  *See, Gutierrez v. Barr*, No. 20-CV-6078-FPG, 2020 WL 2059845, at *3 (W.D.N.Y. Apr. 29, 2020) ("[T]he only proper respondent is Jeffrey Searls, Officer in Charge at the Buffalo Federal Detention Facility. See ECF No. 5 at 20. As the "person with direct control" over Petitioner's detention, id., he is the proper respondent given Petitioner's requested relief. *See Hassoun v. Sessions*, No. 18-CV-586, 2019 WL 78984, at *7 (W.D.N.Y. Jan. 2, 2019) ("The majority view in the Second Circuit requires the immediate custodian, generally the prison warden, to be named as a respondent in core immigration habeas proceedings—i.e., those challenging present physical confinement." (quotation omitted)).").

detention in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") pending the completion of removal proceedings against him.   For the reasons discussed below, the petition is dismissed.

BACKGROUND

Unless otherwise noted, the facts as set forth below are taken from the petition and administrative record in this action.

Petitioner is a native and citizen of Bangladesh.   On or about July 27, 2012, Petitioner was admitted to the United States pursuant to an F-1 nonimmigrant student visa.   On October 6, 2015, Petitioner was granted an extension of his student visa, specifically for the purpose of permitting him to attend "ASA College" ("ASA") in New York City.   However, Petitioner has not attended ASA since May 2018.

Additionally, on or about July 20, 2015, Petitioner was convicted, in New York State Supreme Court, New York County, of Sexual Abuse in the First Degree in violation of New York Penal Law ("NYPL") § 130.65(1) ("forcible compulsion").   In that regard, the record indicates that Petitioner sexually assaulted a fifteen-year-old girl on a subway train.[3]   For this conviction, Petitioner was sentenced to ten months of probation.   However, Petitioner was subsequently charged with resisting arrest, after which he pled guilty to violating probation and was re-sentenced to two years in prison and three years of post-release supervision.   On September 11, 2015, Petitioner filed a

---

[3] ECF No. 4-2 at p. 4.

2

notice of appeal, but he apparently never perfected the appeal.[4]

As a result both of Petitioner's failure to abide by the terms of his visa and his criminal convictions, the Department of Homeland Security ("DHS") determined that he was removable on at least three separate grounds: INA § 237(a)(1)(C)(i) ("failure to maintain nonimmigrant status"), INA § 237(a)(2)(A)(iii) ("aggravated felony - crime of violence") and INA § 237(a)(2)(A)(i) ("crime of moral turpitude").[5]  However, because of Petitioner's aforementioned criminal appeal, DHS has elected not to pursue the latter two grounds for removal at the present time.[6]

On April 17, 2019, upon his release by the New York State Department of Corrections and Community Supervision ("DOCCS"), Petitioner was taken into custody by DHS pending the completion of his removal proceedings.   Respondent describes the subsequent procedural history of the administrative removal action in pertinent part as follows:

> [Petitioner] has been detained since April 2019 . . . . During this time, Petitioner was scheduled for numerous bond hearings, which he (or his attorney) continually postponed, until Petitioner ultimately withdrew his request for a bond hearing.

---

[4]  *See*, ECF No. 4-2 at p 9 ("According to 1st Judicial Department, Subject filed a Notice of Appeal of his original conviction on 9/11/2015 with no further action since.").

[5]  ECF No. 4-2 at p. 8.

[6]  See, ECF No. 4-2 at p. 2 ("Because Kamruzzaman has appealed his sexual abuse conviction, ICE will not use the conviction as grounds of removal.   This is subject to change if the appeal is denied or abandoned.").   Although, if Petitioner merely filed a notice of appeal in 2015 and has taken no further action since then, it is difficult to see how the appeal has not been abandoned.

***

Petitioner was notified that he would be held in DHS/ICE custody pending an administrative determination in his immigration proceedings.

Petitioner acknowledged receipt of the notification and requested that an immigration judge ("IJ") review the custody determination made by the agency.

***

On May 13, 2019, Petitioner was notified that his removal hearing and bond hearing were scheduled for June 17, 2019.

On June 17, 2019, Petitioner appeared for his removal hearing and bond hearing with an attorney.   Because the attorney had apparently not been provided with evidence previously submitted by DHS, the removal hearing and bond hearing were rescheduled to July 8, 2019.

Prior to the July 8 hearing, Petitioner's attorney filed a motion to continue the hearings, which was granted.   The hearings were rescheduled to July 29, 2019.

On July 23, 2019, Petitioner filed a *pro se* submission.   The July 29, 2019 hearings were rescheduled to August 12, 2019, so that Petitioner's attorney could review the submission.

On August 1, 2019, Petitioner's attorney filed a motion to withdraw as counsel, and the motion was granted on August 9.

On August 12, 2019, Petitioner appeared in immigration court and requested that a Bengali interpreter now be present for future proceedings.   Because no interpreter was immediately available, the hearings had to be rescheduled. The hearings were scheduled to take place on August 26, 2019.   Petitioner also filed a motion to change venue at the time.

On August 23, 2019, Petitioner's motion to change venue was denied for lack of cause.

On August 26, 2019, Petitioner appeared before the IJ and a Bengali interpreter was present. Petitioner admitted that he was not compliant with his student visa status, but denied removability based upon his criminal convictions. Petitioner requested the ability to file a Form I-589 Application for Asylum and Withholding of Removal, which was granted. The removal hearing was adjourned to allow him to do so. The IJ also advised Petitioner that he would have only one bond hearing, and that the IJ had not received any evidence in Petitioner's support for his request for a change in custody status. The bond hearing was therefore rescheduled to allow Petitioner to submit evidence in support of his request for bond. Both hearings were set for September 23, 2019.

On September 23, 2019, there was insufficient time to complete the hearings and they were rescheduled to October 7, 2019.

On October 7, 2019, Petitioner appeared without counsel but stated that he had retained a lawyer who was not present. The hearings were accordingly rescheduled to October 21, 2019.

On October 21, 2019, Petitioner again appeared without counsel present. The removal hearing was adjourned so that Petitioner's Application for Asylum and Withholding of Removal could be argued. Petitioner withdrew his request for bond because he wanted an attorney to represent him for such a hearing.

On December 5, 2019, Petitioner appeared for a third time without an attorney. Petitioner presented the IJ with a letter from an attorney stating that if the removal hearing were again adjourned, the attorney may represent Petitioner in the future. Petitioner therefore requested a further adjournment, to which DHS objected arguing that Petitioner had filed a habeas petition and that the continued delays only bolstered his argument for prolonged detention. The IJ granted the request to adjourn, but indicated there would be no further adjournments going forward.

> Petitioner [had] a removal hearing scheduled for January 15, 2010 . . . .
> Petitioner [remains] held at the Buffalo Federal Detention Facility in
> Batavia, New York, pending completion of immigration removal
> proceedings.

ECF No. 5 at pp. 2–6 (citations to record omitted).

As the foregoing statement of facts indicates, Petitioner commenced the subject

habeas proceeding even as he was repeatedly requesting adjournments of, and then

withdrawing, his administrative request for bond hearing. Specifically, on November 8,

2019, shortly after he withdrew his request for a bond hearing, Petitioner filed the

subject § 2241 habeas petition, proceeding *pro se*.

Petitioner drafted the Petition using a fill-in-the-blank form that contains many

pages of boilerplate legal argument. The gist of this legal argument is that aliens

detained pending removal proceedings are entitled to individualized bond hearings (to

determine whether they pose a danger to the community or a risk of flight) whenever

detention exceeds six months; or, when the alien has "a substantial defense to

removal";   or when the detention has become "unreasonably prolonged."     The

Petition further contends that at any such bond hearing, the Government must bear the

burden of proof, by clear and convincing evidence, to show that the alien is either

dangerous or likely to flee, and to show that less-restrictive alternatives to detention are

inadequate to achieve the Government's objectives.   Overall, the Petition alleges that

Petitioner's "detention without a hearing on danger and flight risk violates the Due

Process clause of the Fifth Amendment and the Eighth Amendment's excessive Bail

Clause."[7]

The Petition also states that Petitioner exhausted his administrative remedies before bringing this action, though it offers no factual allegations to support that bald assertion.[8]

On December 27, 2019, Respondent filed a response to the Petition.[9]   The response indicates, *inter alia*, that Petitioner did not exhaust his administrative remedies before filing this Petition, since he withdrew his request for a bond hearing.[10]   The response further indicates that Petitioner's continued detention pending the completion of removal proceedings does not violate his constitutional rights generally, and that to the extent his removal proceedings have been delayed it is because of his repeated requests for adjournments.[11]

Petitioner was given the opportunity to submit a reply,[12]  but he chose not to do so.

---

[7]  ECF No. 1 at ¶ 3.

[8]  ECF No. 1 at pp. 3–4.

[9]  ECF Nos. 4 & 5.

[10]  ECF No. 5 at p. 10 ("Petitioner withdrew his request for a bond hearing, and thus failed to exhaust his administrative remedies prior to filing his Petition.").

[11]  ECF No. 5 at p. 12 ("Such actions by the Petitioner, resulting in prolonging detention, cannot be attributed to the government and cannot give rise to a due process violation.").

[12]  *See*, ECF No. 2 (Briefing Schedule Order).

The Court has considered the record and the parties' submissions.

DISCUSSION

Petitioner has filed the subject petition pursuant to 28 U.S.C. § 2241, proceeding *pro se*, and consequently the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

"[F]ederal courts have jurisdiction under § 2241 to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241." *Henderson v. I.N.S.*, 157 F.3d 106, 122 (2d Cir. 1998).

It is of course well settled that "detention during deportation proceedings [i]s a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523, 123 S. Ct. 1708, 1717, 155 L. Ed. 2d 724 (2003).   However, a constitutional violation may arise where such detention becomes unreasonable or unjustified.   On this point, courts frequently cite Justice Kennedy's concurring opinion in *Demore*, which stated:

> [S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, [an alien detained pending removal proceedings] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified.   Were there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons.

8

*Demore*, 123 S.Ct.. at 1722 (Kennedy, concurring) (citations omitted).

However, "[a] habeas petitioner must normally exhaust administrative remedies before seeking federal court intervention." *Michalski v. Decker*, 279 F. Supp.3d 487, 495 (S.D.N.Y. 2018) (citations omitted)).   While Section 2241 does not include a statutory exhaustion requirement, courts have generally required exhaustion as a "'prudential matter.'" *Michalski*, 279 F. Supp.3d at 495 (quoting *Paz Nativi v. Shanahan*, No. 16-CV-8496(JPO), 2017 WL 281751, at *1 (S.D.N.Y. Jan. 23, 2017) (citing *Araujo–Cortes v. Shanahan*, 35 F. Supp.3d 533, 538 (S.D.N.Y. 2014)); *Howell v. INS*, 72 F.3d 288, 291 (2d Cir. 1995) ("Under the doctrine of exhaustion of administrative remedies, 'a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself.'") (quoting *Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 740 (2d Cir. 1992))).

"[I]f an exhaustion requirement is judicially imposed instead of statutorily imposed, a number of exceptions apply that allow courts to excuse a party's failure to exhaust administrative remedies[:] ... (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), as amended (July 24, 2003) (quotation omitted).

In the instant matter, Petitioner clearly did not exhaust his administrative remedies before filing the Petition.    Rather, he requested a bond hearing, and then sought repeated adjournments of the hearing before finally withdrawing his request altogether.    Nor does the Petition or the record suggest that any exception to the exhaustion requirement applies here.[13]    Accordingly, the Petition is dismissed for failure to exhaust administrative remedies.

The Court further notes that even assuming *arguendo* that Petitioner had exhausted his administrative remedies, his claims appear to lack merit.    In that regard, for the same reasons already discussed, it does not appear that his detention is unreasonably prolonged or indefinite such that it would give rise to a Fifth Amendment Due Process violation.    Rather, Petitioner has delayed the progress of his removal proceedings by making repeated requests for adjournments.    Nor can Petitioner claim to have suffered an Eighth Amendment "excessive bail" violation when he withdrew his request for a bond hearing.

## CONCLUSION

For the reasons discussed above the Petition is dismissed.    The Clerk of the Court is directed to amend the docket to reflect the caption above, and to close this action. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this

---

[13] As mentioned earlier, the petition merely recites that Petitioner exhausted his administrative remedies, while the record shows otherwise.

10

Decision and Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

Dated:      Rochester, New York
            May 14, 2020

                              ENTER:

                              CHARLES J. SIRAGUSA
                              United States District Judge